# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SUNDANCE REHABILITATION, CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 04-3033-CV-S-FJG |
| ROCKY RIDGE MANOR, INC. & NEW VISION CARE ASSOCIATES II, INC. | ) ) ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is defendants' Motion for Relief from Judgment (Doc. # 30).

### I. BACKGROUND

SunDance provided therapy services for the residents and patients at Rocky Ridge nursing home. The services were provided in 2001 and 2002. Rocky Ridge then sought Medicare reimbursement for these services. SunDance argues that Rocky Ridge failed to pay SunDance the amounts that it was reimbursed from Medicare. On January 21, 2004, SunDance filed suit against Rocky Ridge and New Vision Care Associates II, Inc. ("New Vision") alleging breach of contract, quantum meruit and suit on account for failure to pay for the therapy services provided.

The parties were able to settle the case. SunDance agreed to dismiss New Vision because Rocky Ridge represented that New Vision had no involvement in the operation of the nursing home and rather New Vision's only connection was through its ownership and lease of the land and building. Based on these representations,

SunDance agreed to dismiss New Vision. The parties filed a Stipulation of Dismissal and a Joint Motion for Consent Judgment on June18, 2004. On July 21, 2004, the Court entered a Clerk's Order of Dismissal and dismissed New Vision with prejudice. On July 22, 2004, the Court entered a Consent Judgment in favor of SunDance and against defendant Rocky Ridge. Following entry of the Consent Judgment, Rocky Ridge negotiated a temporary collection forbearance agreement with Sundance whereby Rocky Ridge paid Sundance $2,500.00 for three months. This was to give Rocky Ridge time to restructure of its ongoing operations. In early August 2004, Rocky Ridge negotiated a release of the federal tax lien held by the IRS. As part of the terms of the IRS settlement, Rocky Ridge was required to cease its ongoing business operations before August 31, 2004.

## II. STANDARD

Fed.R.Civ.P. 60(b) states in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment.

In United States v. City of Forth Smith, 760 F.2d 231 (8th Cir. 1985), the Court stated:

A Court may modify the parties' rights and obligations under a consent decree if it finds, *inter alia,* that the judgment is based on "mistake," that it is "no longer equitable," or for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(1), (5), (6). . . . In addition, the Court had inherent equitable power to modify a consent decree if satisfied that the decree has been turned through changing circumstances into an instrument of wrong. . . . Modification of a consent decree should, however, only rarely be granted, and the party seeking modification bears the heavy burden of

2

> demonstrating that new and unforseen conditions have produced such extreme and unexpected hardship that the decree is oppressive.

Id. at 233 (internal citations and quotations omitted).

### III. DISCUSSION

Defendants argue that SunDance is now doing what it expressly agreed not to do by virtue of the consent judgment - seek collection of the judgment from New Vision. Defendants argue that the fact that SunDance is now pursuing New Vision in a second suit (Case No. 04-3571)("SunDance II"), must arise from either a mistake in the understanding of the parties at the time of the negotiation and entry of the consent judgment or that SunDance negligently or fraudulently misrepresented its intentions concerning collection of the debt from New Vision. Defendants state that relief from the judgment is justified pursuant to Fed.R.Civ.P. 60(b)(1), (3) or (6). Defendants state that the Court should grant defendants' motion for relief from the judgment and set aside or re-open this case so that the issues of validity and amount of the debt and whether New Vision is responsible for the debt can be properly litigated.

SunDance argues in opposition that New Vision has no standing to challenge the consent judgment because it was not an actual party to the Consent Judgment. Secondly, SunDance argues that Rocky Ridge has not satisfied the burden of proof to obtain relief from the Consent Judgment. Finally, SunDance argues that it never agreed not to seek judgment against New Vision for post-judgment conduct to fraudulently transfer assets and business operations without paying consideration. SunDance argues that the only reason that Rocky Ridge and New Vision are challenging the Consent Judgment now, is to shield New Vision from liability in the second suit.

3

The Court agrees that defendants have not met the high burden necessary to grant relief from the Consent Judgment.  Defendants go to considerable length to explain what happened after the Consent Judgment was entered, explaining the IRS settlement, the buyout of one of the shareholders and the change in operators for the nursing home.  Defendants seems to suggest that all of these facts which occurred after the Consent Judgment was entered, somehow operate to change the Consent Judgment in some manner. However, the Court does not find that any of the subsequent events which have occurred since the Consent Judgment was entered show that the parties were mistaken or had a fraudulent intent when they entered into the agreement.  The Court also does not find that SunDance has pointed to any other factor which would justify relieving defendants from the Consent Judgment.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** defendants' Motion for Relief from Judgment (Doc. # 30).


Date: September 29, 2005                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                                            United States District Judge

4